IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RANDY S. PETERSON,** | ) | 8:15CV157 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| **RICHARD G. KOPF,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Randy Peterson filed his Complaint (Filing No. 1) in this matter on May 1, 2015. (Filing No. 1.) This court has given Peterson leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  SUMMARY OF COMPLAINT

Peterson is incarcerated at the Omaha Correctional Center in Omaha, Nebraska. He sued Judge Richard G. Kopf for actions he took in Peterson's federal habeas corpus action, *Peterson v. Lewien*, Case No. 8:14-cv-00171-RGK-PRSE (dismissed with prejudice on January 5, 2015). For relief, Peterson asks this court to overturn his state criminal conviction and compensate him for the years he has been deprived of his freedom. (Filing No. 1 at CM/ECF p. 5.)

### II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivations of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Peterson alleges no facts against Judge Kopf that would fall outside the scope of his duties in presiding over Peterson's habeas corpus action. Accordingly, Judge Kopf is immune from suit.

Separately, it is apparent from Peterson's request for relief that he seeks to challenge his criminal conviction in this action. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would unnecessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

     IT IS THEREFORE ORDERED that: This action is dismissed without prejudice. A separate judgment will be entered in accordance with this order.

     DATED this 3rd day of August, 2015.

                                            BY THE COURT:

                                            s/Laurie Smith Camp
                                            Chief United States District Judge